PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NATHANIEL JEANPIERRE III,

        Plaintiff,

      v.

DISTRICT ATTORNEY SANDRA
DOORLEY; DA JANE DOE; SHERIFF
PATRICK  M. O'FLYNN; WILLIAM
SANBORN, UNDER SHERIFF; DEPUTY
JANE DOE; and DEPUTY JOHN DOE;

        Defendants.
_____

16-CV-158(LJV)
ORDER

## INTRODUCTION

The plaintiff, Nathaniel Jeanpierre III, has filed this *pro se* action seeking relief

under 42 U.S.C. § 1983.  Docket Item 1. Based on the information provided in several of

the documents that the plaintiff has submitted, the Court presumes that at the time the

plaintiff filed this complaint he was a prisoner at the Monroe County Jail.[1]  To prepare

his complaint, the plaintiff used the Court's Prisoner Complaint Form.[2]  The complaint,

however, is blank except for the caption and the plaintiff's signature.  Consequently, the

Court does not know what the plaintiff's claims are, the complaint fails to meet the

_____

[1] The plaintiff used a form complaint meant for use by prisoners, and he routinely refers to his incarceration at the Monroe County Jail based on charges of possession of stolen property.  *See* Docket Item 1 at 10; Docket Item 4 at 1; Docket Item 9 at 1.

[2] Available at <http://www.nywd.uscourts.gov/pro-se-forms>.

requirements of Rule 8 of the Federal Rules of Civil Procedure,[3] and it fails to state a claim upon which relief can be granted. Therefore, unless the plaintiff files an amended complaint, this action will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The plaintiff also has filed several other motions and requests for relief in this matter. For the reasons discussed below, the plaintiff's request to proceed *in forma pauperis* (that is, as someone who should have the ordinary filing fee waived because he or she cannot afford to pay it) is granted, and his other motions are denied without prejudice.

## DISCUSSION

### Motion for Leave to Proceed *In Forma Pauperis*

The plaintiff filed a motion to proceed *in forma pauperis*, and because the plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an authorization form with respect to this action, the plaintiff is granted permission to proceed *in forma pauperis*.

---

[3] Rule 8 of the Federal Rules of Civil Procedure provides, in pertinent part:

   **(a) Claim for Relief.** A pleading that states a claim for relief must contain:

   **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

   **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

   **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

**Screening the Complaint**

Because the plaintiff apparently is a prisoner, *see* above at footnote 1, 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(a) require the Court to screen the complaint and to dismiss

the complaint if it fails to state a claim upon which relief may be granted.  28 U.S.C.

§ 1915A(b)(1).  In order to state a claim, a complaint "must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In evaluating the complaint, the court must accept all factual allegations as true

and must draw all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d

138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.

1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555) (internal

quotation marks and citation omitted).  "Further, when the plaintiff proceeds *pro se*, as in

this case, a court is obliged to construe his pleadings liberally, particularly when they

allege civil rights violations."  *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004);

*see also Boykin v. Keycorp*, 521 F.3d 202, 213-16 (2d Cir. 2008) (discussing pleading

standard in *pro se* cases after *Twombly*; "even after *Twombly*, dismissal of a *pro se*

claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard

prior to dismissal "'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam*)).  But even pleadings submitted *pro se* must meet the notice requirements of Rule 8.  *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

In this case, as noted above, the plaintiff used the Prisoner Complaint Form, which may be used to assert claims under 42 U.S.C. § 1983.  To state a valid claim under 42 U.S.C. § 1983:

> [T]he plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.

*Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).  Because the complaint here is blank, however, it fails to include *any* allegations of fact or even broad statements of what the claims may be.  For that reason, the complaint utterly fails to comply with Rule 8 or to state a claim upon which relief can be granted.  *See Iqbal*, 556 U.S. 677-78.

Nevertheless, the plaintiff will be given an opportunity to file an amended complaint.  *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("[S]parse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action."); Fed. R. Civ. P. 15(a)(2) ("court should freely give leave when justice so requires").  Given the bits and pieces of information in his various filings, the plaintiff appears to be trying to tell the court *something*.  If the plaintiff chooses to amend his complaint to comply with the requirements, he must complete each section of the Prisoner Complaint Form.

4

Most importantly, he must state facts in paragraph "5A" of the Prisoner Complaint Form that support his claims against each of the defendants he seeks to sue.  The facts must allege what the plaintiff claims each defendant did or failed to do; in other words, the plaintiff should set forth each act of misconduct that he claims occurred, and he should indicate which defendant or defendants engaged in each act of misconduct alleged.  He also should explain how he was injured by each of the alleged acts of misconduct.  Upon the completion of the amended complaint on the Prisoner Complaint Form, the plaintiff should forward it to the Clerk of Court, United States Courthouse, 2 Niagara Square, Buffalo, New York 14202 on or before November 21, 2016.

For all those reasons, the complaint is dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), unless the plaintiff files an amended complaint as explained above.

### Motion for Preliminary Injunction and Temporary Restraining Order

Similar to his complaint, the plaintiff's motion for a preliminary injunction and temporary restraining order includes no factual allegations that would support a request for such an "extraordinary and drastic remedy."  *See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  The standard for either a temporary restraining order or preliminary injunction is well established in this Circuit:  The plaintiff must show "1) irreparable harm and 2) either (a) the likelihood of success on the merits or (b) the existence of sufficiently serious questions on the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the [plaintiff]."  *Leibowitz v. Smith Barney Inc.,* 863 F. Supp. 171, 173 (S.D.N.Y. 1994) (citing, *inter alia*, *Local 1814, Int'l*

*Longshoremen's Ass'n. AFL–CIO v. N.Y. Shipping Ass'n., Inc.,* 965 F.2d 1224, 1228 (2d Cir. 1992)).  The moving party bears the burden of establishing his entitlement to injunctive relief.  *Fisher v. Goord,* 981 F. Supp. 140, 167 (W.D.N.Y. 1997).

It appears that the plaintiff claims that, since the time he filed his complaint, he has been in fear of some type of reprisal at the jail and the fear is exacerbating his "PTSD" to the point where he has to keep himself from vomiting.  Docket Item 5 at 1.[4] The plaintiff does not allege that any reprisals have occurred or even been threatened, however.  His request for a preliminary injunction and temporary restraining order is therefore speculative and lacks *any*—let alone sufficient—factual support.  *See Fox v. Anthony*, No. 6:10-CV-839 (GTS/ATB), 2010 WL 3338549, at *2 (N.D.N.Y. July 15, 2010) ("Plaintiff has submitted no evidence, other than his own speculation that defendants . . . will retaliate against him when they find out that he filed this law suit. The same claim could be made by any inmate who names corrections officers as defendants in any action.") (Report and Recommendation adopted, No. 9:10-CV-0839 (GTS/ATB), 2010 WL 3338558 (N.D.N.Y. Aug. 23, 2010)).

The plaintiff's motion for a preliminary injunction and temporary restraining order therefore is denied without prejudice.  If the plaintiff can state facts in support of his request, he may refile it with sufficient factual support.

### Motion for Appointment of Counsel

The plaintiff also has moved for the appointment of counsel.  Docket Item 3.  In support of his motion, he asserts a number of reasons why he believes he is entitled to have counsel appointed, including:  (1) he does not "know the law well"; (2) legal books

---

[4] Page references are to the Court's Case Management/Electronic Case Filing System.

cannot be signed out of the law library; (3) he has a mental disability; (4) his "case feel[s] complicated"; and (5) he has no money or sources of income.  Docket Item 4.

There is no constitutional right to appointed counsel in civil cases.  Under 28 U.S.C. § 1915(e)(1), however, the court "may" appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  "The determination of whether appointment of counsel is necessary rests with the discretion of the court."  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

For that reason, there should be "a threshold showing of some likelihood of merit" of the underlying dispute before the court appoints counsel for a civil plaintiff.  *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Cooper*, 877 F.2d at 174).  "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).  So as a threshold matter, the district court should consider whether some aspects of a prisoner's § 1983 claim "'are likely to be of substance.'"  *Hendricks,* 114 F.3d at 392 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).  If so, the district court then should consider other relevant factors, including:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62).  Each case should be decided on its own facts, and no single factor is controlling.  *Hodge*, 802 F.2d at 61; *see also Hendricks*, 114 F.3d at 394 (stating that the relevant factors "really amount to evaluating [the plaintiff's] ability to manage his case effectively on his own").

As noted above, the plaintiff has set forth no facts in support of his claim.  Therefore, the Court cannot determine the likelihood of merit or the substance of his claims, and his motion for the appointment of counsel is denied without prejudice to renewal.

### Other Requests for Relief

The plaintiff has filed several additional requests for relief in connection with his lawsuit.  Docket Item 6, for example, is a request for release on bail.  This is not a form of relief available in an action under 42 U.S.C. § 1983.  *See generally Heck v. Humphrey*, 512 U.S. 477 (1994).  That request therefore is denied.

Docket Item 7 is a motion captioned in New York State court and requests dismissal of the accusatory instrument under New York's Criminal Procedure Law § 30.30.  This may have been filed in error as it requests relief not within this Court's jurisdiction.  In any event, it is denied.

In Docket Item 8, captioned in this court, the plaintiff repeats his requests for relief under both Docket Items 6 and 7—namely release and dismissal under New York State law. That request is denied as well.

Docket Item 9 asks for a preliminary hearing under New York State law and bears a caption blending the plaintiff's state court criminal prosecution with the caption of this proceeding. It is denied for the same reasons noted above.

Finally, Docket Item 10 raises issues under Article 78 of New York's Civil Practice Law and Rules. The plaintiff is apparently attempting to proceed by order to show cause, again alleging his entitlement to a preliminary hearing under New York State law. Like Docket Items 6, 7, 8, and 9, Docket Item 10 cites New York State law and may have been filed in this court in error. On the other hand, it may have been filed in this court as a supporting document for reasons that the plaintiff has not made clear. Regardless, like the requests in Docket Items 6, 7, 8, and 9, the plaintiff's request in Docket Item 10 is denied.

In sum, the requests for relief under Docket Items 6, 7, 8, 9, and 10 all are denied without prejudice to renewal after the plaintiff files a sufficient amended complaint.

### Plaintiff's Letters to the Court

Finally, in June 2016, the plaintiff wrote two letters to this Court that indicate dissatisfaction with the services of the law librarian at the Monroe County Jail. Docket Items 11 & 12. In the first letter, the plaintiff also raises his vague and speculative fear of reprisal for filing a lawsuit in federal court, and he reiterates his requests for a temporary restraining order and conditional release. Docket Item 11. Nothing in either of his letters remedies the deficiencies in the plaintiff's complaint or in his various

motions and requests for relief as described above.  To the extent that the plaintiff's letters can be construed as motions, they are denied.

## CONCLUSION

For the reasons stated above, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless the plaintiff files an amended complaint by **December 19, 2016,**  in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  The plaintiff's motion for a preliminary injunction and temporary restraining order and his motion for appointment of counsel are denied without prejudice to re-filing upon a sufficient showing in support of the requested relief.

The plaintiff also is advised that any amended complaint will **completely replace** the prior complaint in the action.  "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, the plaintiff's amended complaint must include *all* allegations against *each* defendant so that the amended complaint may stand alone as the sole complaint to which the defendants must respond.

The plaintiff is forewarned that if he fails to file an amended complaint as directed, his action will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be curtailed if he has three actions or

appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).  *See* 28 U.S.C.
§ 1915(g).

## ORDER

IT HEREBY IS ORDERED that the plaintiff's motion to proceed *in forma pauperis*
(Docket Item 2) is GRANTED; and it is further

ORDERED that the plaintiff's motions for the appointment of counsel (Docket
Item 3), for a preliminary injunction and temporary restraining order (Docket Item 5), for
release on bail (Docket Item 6), for dismissal of the charges apparently pending in New
York State court (Docket Item 7), and for other state law relief (Docket Items 8, 9, and
10) all are denied without prejudice; and it is further

ORDERED that the plaintiff is granted leave to file an amended complaint as
directed above by **December 19, 2016**; and it is further

ORDERED that the Clerk of Court is directed to send to the plaintiff with this
order a copy of the original complaint, a blank Prisoner Complaint Form, and the
instructions for preparing an amended complaint; and it is further

ORDERED that if the plaintiff fails to file an amended complaint as directed
above by **December 19, 2016**, the complaint is dismissed with prejudice without further
order of the Court; and it is further

ORDERED that if the complaint is dismissed because the plaintiff has failed to
file an amended complaint by **December 19, 2016**, the Clerk of Court shall close this
case as dismissed with prejudice without further order of the Court; and it is further

ORDERED that if the complaint is dismissed because the plaintiff has failed to
file an amended complaint by **December 19, 2016**, the Court hereby certifies, pursuant

to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good

faith, and leave to appeal to the Court of Appeals as a poor person is therefore denied.

*Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on

appeal *in forma pauperis* should be directed on motion to the United States Court of

Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of

Appellate Procedure.


     SO ORDERED.

     Dated:   November 17, 2016
              Buffalo, New York

                              *s/Lawrence J. Vilardo*
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE